**Glen W. MORGAN**

v.

**HEIGHTS SAVINGS ASSOCIATION, et al.**

**No. B–88–0960–CA.**

United States District Court, E.D. Texas, Beaumont Division.

March 20, 1991.

---

**2.** In their response, Defendants assert that the correct rate of interest is five percent—0% for the RepublicBank prime rate plus the five percent tacked on post maturity. Defendants appear to have misread the notes, which add the five percent on to the Applicable Rate (defined as the prime rate plus one and one half percent). For clarity, the Court added the one and one half percent back into the equation.

Wayne A. Reaud, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiff.

J. Hoke Peacock, Orgain, Bell & Tucker, Beaumont, Tex., for defendants.

## MEMORANDUM ORDER AND JUDGMENT

COBB, District Judge.

Glen Morgan, plaintiff, originally filed this lawsuit in the 172nd Judicial District Court, Jefferson County, Texas, on January 8, 1987. He alleged breach of contract, violations of the Texas Deceptive Trade Practices–Consumer Protection Act, and fraudulent misrepresentations against Heights Savings Association (New Heights), and seven individual defendants: William R. Parkey, Robert Harry, Paul Prior, Roger Keane, Larry Miller, Cliff Fry, and Don Williams (the individual defendants), all of whom were officers or directors of New Heights. New Heights was declared insolvent on September 9, 1988, by the Federal Home Loan Bank Board (FHLBB). The Federal Savings and Loan Insurance Corporation (FSLIC) was appointed receiver of New Heights, and on October 7, 1988, the case was removed to this court.

FSLIC sought summary judgment on the plaintiff's claims against it as receiver for the failed thrift. Summary judgment was granted June 13, 1990, and many of the facts regarding this case are set forth in the memorandum order of summary judgment. The individual defendants are the only remaining defendants, and they now seek summary judgment in their favor.

Summary Judgment is appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56. The facts must be reviewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The plaintiff in this case was indebted to Heights Savings Association (Old Heights). A dispute arose regarding the handling of that indebtedness. The plaintiff claims to have reached an oral settlement of that dispute with the directors of Old Heights. Old Heights was declared insolvent September 5, 1985, and placed in the FSLIC's Management Consignment Program (MCP).

As part of the MPC, New Heights was created, and the individual defendants were appointed as officers and directors of New Heights by the FHLBB. *See* Affidavits of Individual Defendants, attached to Defendants' Motion for Summary Judgment. The plaintiff sought to resolve his dispute with Old Heights by forcing New Heights to accept his oral settlement agreement with Old Heights. New Heights refused to agree to the terms of the settlement, and this lawsuit resulted. The plaintiff sought judicial enforcement of the settlement agreement and damages, based on various allegations of wrongdoing.

None of the individual defendants were officers or directors of Old Heights. None acted outside the scope of their employment as officers and directors of New Heights. As a matter of law, they cannot be individually liable to the plaintiff. *RSR Properties, Inc. v. FDIC,* 706 F.Supp. 524 (W.D.Tex.1989). As a matter of fact, these defendants had no connection to this plaintiff. Summary judgment is entirely appropriate.

Accordingly, the individual defendants' motion for summary judgment is GRANTED. It is hereby ORDERED ADJUDGED and DECREED that judgment is entered for William R. Parkey, Robert Harry, Paul Prior, Roger Keane, Larry Miller, Cliff Fry, and Don Williams; plaintiff shall take nothing against them.